**Shahzad ANWAR, Petitioner,**

v.

**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 06–5395–ag.**

United States Court of Appeals, Second Circuit.

April 11, 2008.

Shahzad Anwar Latham, N.Y., pro se.

Kelly J. Walls, Trial Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Peter D. Keisler, Linda S. Wernery, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Shahzad Anwar seeks review of an October 23, 2006 order of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Annette S. Elstein's October 14, 2004 decision to deny his application for adjustment of status, along with his request for a waiver of inadmissibility. *In re Shahzad Anwar*, No. A76 191 827, 2006 WL 3485743 (B.I.A. Oct. 23, 2006), *aff'g* No. A76 191 827 (Immig. Ct. N.Y. City Oct. 14, 2004). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

Anwar contends that the BIA erred in upholding the decision of the IJ because, when determining whether he was admissible under the Immigration and Nationality Act, and therefore able to adjust his status, *see* 8 U.S.C. § 1255(i), the IJ failed to consider his 1990 nonimmigrant visa and the documents that he supplied to the Immigration and Naturalization Service in connection with that visa. According to Anwar, these crucial materials were not admitted into evidence at the time of his hearing before the IJ, and as a result, he was prevented from establishing that he is eligible for the relief he seeks. We are not persuaded.

The record shows that the Department of Homeland Security ("DHS") submitted a copy of Anwar's nonimmigrant visa on July 2, 2003, well before the IJ rendered her decision. And in any case, that documentation was immaterial to Anwar's case. While the time, place, and manner of an alien's entry into the United States is relevant in many removal proceedings, *see* 8 U.S.C. § 1361, DHS never contended that Anwar was removable for entering without valid documentation; rather, it charged that he was removable for having overstayed his nonimmigrant visa. Further, that documentation had no bearing on Anwar's eligibility for adjustment of status. The IJ found Anwar inadmissible and therefore ineligible for adjustment of status because he admitted to fraud in connection with a 1993 application for adjustment of status, *see* 8 U.S.C. § 1182(a)(6)(C), not because he entered the country illegally.

As for the IJ's related finding—that a waiver of inadmissibility under INA section 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H), was "inapplicable and irrelevant to [Anwar's] request for adjustment of status"— Anwar's submission, construed liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006), asserts no challenge to it. Anwar neither mentions waivers of admissibility nor discusses the specifics of his eligibility to adjust his status. Accordingly, we treat as waived any arguments that could have been raised with regards to the IJ's denial of Anwar's request for a section 237(a)(1)(H) waiver. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We have considered all of the petitioner's arguments and we find them without merit. Accordingly, the petition for review is DENIED. The pending motion for a

stay of deportation/removal is DISMISSED as moot.